IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN SCHULTHEIS, as Co-Trustee
of the Roger Schultheis Trust,
      Plaintiff,

vs.                                      Civ. No. 06-0456 LCS/WPL

GARY SCHULTHEIS and
JOHN SHAEFFER,
      Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte* to determine whether dismissal would be appropriate under the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Having considered the record and the applicable law, I as follows.

### Proposed Findings regarding *Ehrenhaus* Factors

1.     Plaintiff filed his complaint alleging lack of accounting and breach of fiduciary duty on June 1, 2006.

2.     Because the allowed time for service was running out, I entered an Order to Show Cause on September 12, 2006. (Doc. 3.) I ordered Plaintiff to serve or show good cause for his failure to serve by October 9, 2006 so that he could "avoid dismissal without prejudice . . . ."

3.     Plaintiff's 120 day time limit for service expired on September 29, 2006. *See* FED. R. CIV. P. 4(m). Plaintiff has not served Defendants or showed good cause for his failure to serve as ordered.

4.     According to *Ehrenhaus*, the Court should consider and address all of the following factors on the record before choosing the sanction of dismissal: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [] (3)

the culpability of the litigant[;] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance[;] and 5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted).[1]

5. I find that Plaintiff's inaction has not prejudiced the Defendants, but it has interfered with the judicial process. *See id.* at 921. Plaintiff's failure to comply with court directives impedes the orderly administration of justice. *See id.* As to Plaintiff's culpability, I find Plaintiff has exhibited a manifest disinterest in litigating this case. After filing the complaint, Plaintiff has had the opportunity to serve one or more Defendants or to notify the Court of some inability to serve them, in which case the Court could have provided Plaintiff with an extension for good cause. He has chosen not to do any of these things. Consistent inaction should not be excused.

6. I have given Plaintiff notice of the possibility that his case would be dismissed without prejudice if he failed to comply with Court orders. (*See* Doc. 4.) In light of Plaintiff's disregard of court orders, rules of civil procedure, and local rules of this Court, I find that lesser sanctions would not be effective, but will not impose the much harsher sanction of dismissal with prejudice. *See Meade v. Grubbs*, 841 F.2d 1512, 1520-22 (10th Cir. 1988).

### Recommended Disposition

I recommend that the District Judge dismiss Plaintiff's complaint without prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and

---

[1] The dismissal in *Ehrenhaus* was a discovery sanction pursuant to FED. R. CIV. P. 37(b)(2)(C). *Ehrenhaus*, 965 F.2d at 918. In this case, while I find dismissal is an appropriate sanction under FED. R. CIV. P. 4(m), it is still proper to make findings using the *Ehrenhaus* factors. *See, e.g.*, *In re Hopkins*, 1998 WL 704710, at *2 (10th Cir. Oct. 5, 1998) (discussing the *Ehrenhaus* factors in an appeal from a district court's dismissal for failure to prosecute and citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**